UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
JUL 1 2 2018
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY



| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| vs. | * | Criminal No.: 5:18-CR-00036-UA-1 |
| **DWAYNE KENT SINGLETON** | * | |

## UNOPPOSED MOTION TO MODIFY CONDITIONS OF RELEASE TO ALLOW FOR TRAVEL OUTSIDE OF THE JUDICIAL DISTRICT FOR WORK PURPOSES ONLY

COMES NOW Dwayne Kent Singleton, Defendant herein, to move the honorable Court pursuant to 18 U.S.C. 3583(e)(2), to modify the conditions of the supervised release imposed upon him on January 20, 2016, in the above-styled and referenced criminal action, and as grounds respectfully states as follows:

### I. SENTENCING HISTORY

Mr. Singleton was sentenced on April 21, 2016, to a term of 18 months on Count Eleven of the Indictment in a case (Mail Fraud) in the US District Court, California Northern District – San Jose, Case No.: 5:13-CR-00579-LHK and was ordered to pay a $100.00 special assessment and $595,483.04 in restitution.

On January 17, 2016 his case was transferred to the US District Court, Western District of Texas – San Antonio, Case No.:5:18-CR-00036-UA-1. This Honorable Court now has jurisdiction to hear this motion.

From approximately July 15, 2016, to September 11, 2017, Mr. Singleton was incarcerated in the Federal Bureau of Prisons ("BOP"). On September 11, 2017, he was released to a federal halfway house, and was subsequently released from the halfway house on November 28, 2017 and began his term of Supervised Release with travel restricted to the Western District of Texas at San Antonio.

Mr. Singleton has been in full compliance with the conditions imposed in this case and has complied with all requests made of him by the U.S. Probation Office in San Antonio, Texas. As of this date Defendant has served 7 months of his 3-year term of Supervised Release which was imposed upon him. Since his release from the federal halfway house, Mr. Singleton has complied with all terms and conditions of his supervised release. However, the travel restrictions imposed as a part of Singleton's supervised release have hampered his ability to effectively perform his job duties for his employer. These limitations have impeded Mr. Singleton's efforts at professional advancement, and Mr. Singleton respectfully requests the Court grant him relief for the reasons discussed below.

## II. JURISDICTION

18 U.S.C. § 3583(e) provides the Court with jurisdiction to modify the terms of a defendant's supervised release. *United States v. Miller*, 205 F.3d 1098, 1101 (9th Cir. 2000). Specifically, § 3583(e)(2) provides that the "court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)– (2):

"...modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration of termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision." 18 U.S.C. § 3583(e)(2).

## III. ARGUMENT

Section 3583(e) gives the Court broad discretion in determining whether to modify the conditions of a defendant's supervised release. Section 3583(e) provides the district court with retained authority to revoke, discharge, or modify terms and conditions of supervised release to account for new or unforeseen circumstances. Occasionally, changed circumstances—for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release—will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a). *Miller*, 205 F.3d at 1101 (citing *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)).

Here, Mr. Singleton seeks permission of the Court to leave the judicial district for work purposes exclusively. Since he commenced his term of supervised release, Mr. Singleton has been gainfully employed with CANA Natural Resources, LLP, an oil and gas company located in San Antonio, Texas, as its resident oil and gas expert and consultant. CANA Natural Resources specializes in developing Texas oilfields. Because of his thirty-plus years of experience in the energy sector Mr. Singleton possesses certain unique skills and abilities which make him a critical employee and

valued asset of CANA Natural Resources in its endeavor as an oil field operator. Mr. Singleton is an asset to CANA because of his long and varied career as an economist, trained petroleum engineer, and well-site supervisor, as well as his ability to interpret seismographic data and comprehend contractual obligations between oil field operators in foreign countries and foreign governments.

However, Mr. Singleton's travel restrictions have his ability to fully perform his job duties, and thus, to increase his earnings. For example, earlier this year CANA Natural Resources had an opportunity to expand its partnership with TITUS, a Danish oil and gas industry giant from Denmark. TITUS has holdings in Texas and has previously partnered with CANA Natural Resources to explore and develop certain oil fields in Texas. For CANA Natural Resources to expand and thrive in the current volatile oil industry, it is critical that it send its resident expert and oil and gas consultant, Mr. Singleton, to Denmark to explain to TITUS petroleum engineers and geologists the reasons why it would be beneficial to continue and expand its partnership with CANA Natural Resources. Because of Mr. Singleton's vast experience in the oil fields of Texas, he alone at Cana Natural Resources is qualified to present to the experts at TITUS. However, Mr. Singleton's inability to travel unfettered at a moment's notice has caused in the past, and will cause in the future, both him and CANA Natural Resources to lose certain market opportunities which have extremely limited windows of opportunity. Please see the attached letter submitted by Austin Gard, Mr. Singleton's employer at CANA.

Mr. Singleton does not wish to sound ungrateful for previously granted permissions to travel from the Court and Probation. He, of course, is aware that it is of

paramount importance that he respects and fully comply with the conditions of his supervised release, and fully understands the rationale behind the conditions that he is subject to. Additionally, Mr. Singleton holds the payment of his restitution in full as his highest priority and will make more substantial payments once he is fully utilized by his employer.

For these grounds Mr. Singleton respectfully implores this Honorable Court to allow him to travel outside the Western District of Texas for work purposes. This modification of Mr. Singleton's conditions of supervised release would in this manner allow him to be a fully productive and functional member of the company at which he is employed.

### IV. CONCLUSION

As shown previously, 18 U.S.C. 3583(e)(2) states in pertinent part, that the "Court may . . . (2). . . modify the conditions of supervised release at any time prior to the expiration . . . of the term of supervised release . . ." Mr. Singleton respectfully states that although he is urging the honorable Court to remove the travel restriction insofar as it requires the submission of a request for permission to travel each and every time he must travel outside out of Texas, Mr. Singleton would continue to be subject to the U.S. Probation Office's monitoring of Singleton's travels. Mr. Singleton maintains meticulous travel records during the course of his employer's business, and at any time the Probation Officer desires an update, the Officer may examine Mr. Singleton's travel records. Mr. Singleton is also continuously accessible by cell telephone to his assigned Probation Officer, who may call him at any time to speak with

him, and ascertain his location, and confirm that he is on company business. The U.S. Probation Officer may also call Mr. Austin Gard, CEO of CANA Natural Resources, who is Mr. Singleton employer, to corroborate his whereabouts. In this manner, Mr. Singleton's work activity could be monitored at will by the U.S. Probation Office, without the onerous burden of submitting multiple travel requests, week after week, and month after month.

As of the date of this filing, an Assistant U.S. Attorney has not been assigned to this case. Mr. Singleton (and undersigned counsel) have spoken to Singleton's Probation Officer, Ms. Stephanie Colburn, and she is unopposed to this motion.

For these grounds Mr. Singleton respectfully implores the Honorable Court to allow him to travel outside the Western District of Texas for work purposes **Only**. **Mr. Singleton will provide proof of requested travel in advance to the U.S. Probation Officer. If required to travel internationally, Mr. Singleton will provide the U.S. Probation officer with all requested documents before travel will be approved.** This modification of Mr. Singleton's conditions of supervised release would in this manner allow him to be a fully productive and functional member of the company at which he is employed.

Respectfully submitted,

/s/ Arnulfo Guerra, Jr.
Arnulfo Guerra, Jr.
SBN: 08574100
FED ID: 2732

Law Offices of Guerra, Guerra & Associates, PC
1418 Beech Avenue, Suite 136
McAllen, TX 78501
Tel: 956-322-8767
Fax: 866-333-7303
Emails: guerralaw@gmail.com
lawofficeguerraguerra@yahoo.com
arne.guerra@gmail.com

### CERTIFICATE OF SERVICE

On this ~~12th~~ day of ~~June~~ July, 2018, a true and correct copy of the foregoing UNOPPOSED MOTION FOR PERMISSION TO TRAVEL OUTSIDE OF THE JUDICIAL DISTRICT FOR WORK PURPOSES was filed via the Court's CM/ECF system, which will forward a copy of same to all parties and counsel of record, to:

    U.S. Probation Office/Attn: USPO Stefanie Colburn;

    U.S. Attorney's Office

    San Antonio, Texas

/s/ Arnulfo Guerra, Jr
ARNULFO GUERRA, JR.

### CERTIFICATE OF CONFERENCE

I hereby certify that I have not yet conferred with an assistant United States Attorney regarding the foregoing UNOPPOSED MOTION FOR PERMISSION TO TRAVEL OUTSIDE OF THE JUDICIAL DISTRICT FOR WORK PURPOSES, because

at the time of the filing of this motion there was no assistant United States Attorney of record nor was there a United States District Judge designated for this case.

The United States Probation officer assigned to supervise Mr. Singleton, Stefanie Colburn, is however, **unopposed** to this motion, and I have conferred with her regarding this motion and this matter on several occasions.

/s/Arnulfo Guerra, Jr
ARNULFO GUERRA, JR

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| vs. | * | Criminal No.: 5:18-CR-00036-UA-1 |
| **DWAYNE KENT SINGLETON** | * | |

## ORDER

CAME ON TO BE CONSIDERED Defendant Dwayne Kent Singleton's UNOPPOSED MOTION FOR PERMISSION TO TRAVEL OUTSIDE OF THE JUDICIAL DISTRICT FOR WORK PURPOSES ONLY, and after due consideration of same, the motion is GRANTED. The Defendant is permitted to travel outside the Western District of Texas for work purposes **only. Mr. Singleton will provide proof of requested travel in advance to the U.S. Probation Officer. If required to travel internationally, Mr. Singleton will provide the U.S. Probation officer with all requested documents before travel will be approved. Mr. Singleton will comply with the protocols and procedures requested of him by the United States Probation Office in regards to leaving and entering the United States.**

DONE this \_\_\_\_ day of July 2018, in San Antonio, Texas.

**UNITED STATES DISTRICT JUDGE**