IN THE UNITED STATES DIS/TRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DWAYNE KENT SINGLETON,<br><br>Defendant. | **Criminal Docket No. 5:18-cr-0036**<br><br>**UNOPPOSED MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**<br><br>**JUDGE:  Hon. XAVIER RODRIGUEZ** |

## I.    Introduction

**Dwayne Kent Singleton**, Defendant herein, and undersigned counsel of record in the above-numbered and styled criminal action, respectfully move the honorable Court to terminate his term of supervised release pursuant to 18 U.S.C. § 3583(e)(1). The 3-year term of supervised release began on November 28, 2018. Mr. Singleton has already completed approximately two-thirds of his supervisory term, which will end in approximately 16 months.

Mr. Singleton is being supervised in the Western District of Texas, San Antonio Division, where he lives and works, although he was convicted in California.  Although undersigned counsel has served the U.S. Probation office and the U.S. Attorney's office with this petition, neither party has had an opportunity to review it and make a recommendation to the Court at the time of its filing.  USPO Colburn may not have an opportunity to review until next week when she returns to work.

USPO Colburn has previously indicated that Mr. Singleton is in full compliance in all areas of supervision, including monthly payments on his restitution obligation.  He has submitted a Voluntary Wage Garnishment form to the Financial Litigation Unit of the U.S. Attorney's

office for the Western District, which has been properly executed and accepted.  Although USPO Colburn has not yet reviewed this petition, undersigned counsel and USPO Colburn discussed previously what requirements would have to be met before she could represent to the honorable Court that Mr. Singleton had fulfilled the requirements for this consideration he seeks.

A Proposed Order is attached for the Court's convenience.

## II.    Applicable Law

Title 18, Section 3583(e)(1) of the United States Code authorizes the Court to terminate a defendant's term of supervised release at any time after the expiration of one year of supervision if the Court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." No hearing is requested for this unopposed petition.  Title 18, Section 3583(e) directs the Court to consider the purposes of sentencing set forth in  § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7) in deciding whether to terminate a term of supervised release. The Judicial Conference has identified the following criteria to assess eligibility for early termination:

> "Officers should consider the suitability of early termination for offenders as soon as they are statutorily eligible. The general criteria for assessing whether a statutorily eligible offender should be recommended to the court as an appropriate candidate for early termination are as follows:
>
> 1. stable community reintegration (e.g., residence, family, employment);
> 2. progressive strides toward supervision objectives and in compliance with all conditions of supervision;
> 3. no aggravated role in the offense of conviction, particularly large drug or fraud offenses;
> 4. no history of violence (e.g., sexually assaultive, predatory behavior, or domestic violence);
> 5. no recent arrests or convictions (including unresolved pending charges), or ongoing, uninterrupted patterns of criminal conduct;
> 6. no recent evidence of alcohol or drug abuse;

7.  no recent psychiatric episodes;
8.  no identifiable risk to the safety of any identifiable victim; and
9.  no identifiable risk to public safety based on the Risk Prediction Index (RPI)."

Guide to Judiciary Policy, Vol. 8E, Ch. 3 § 380.10(b), "Early Termination" (Monograph 109)(rev'd 2010)(emphasis added).

Pursuant to the policy, "there is a presumption in favor of recommending early termination" for supervisees after the first 18 months if they are not "career violent and/or drug offenders, sex offenders, or terrorists," if they "present no identified risk to the public or victims," and if they are "free from any moderate or high severity violations." Id., § 380.10(g).

Further, on February 16, 2012, the Honorable Robert Holmes Bell, Chair of the Committee on Criminal Law of the Judicial Conference, issued a memorandum to all United States District Court Judges encouraging them to grant early termination of supervised release in appropriate cases as an effort to reduce expenditures in the probation and pretrial services programs. Terminating "appropriate cases before they reach their full term saves resources and allows officers to focus on offenders who continue to pose the greatest risk of recidivism." Judge Bell's memorandum notes that supervision costs approximately $3,938 per year per case. Analysis by the Administrative Office of the Courts indicates that offenders who received early termination were "arrested less often, for less serious charges, and were sentenced to terms of imprisonment less often." Accordingly, "[f]rom a policy standpoint, it appears that the above criteria, when properly applied, does not jeopardize public safety." Id.

## III.    Mr. Singleton Satisfies all the Criteria for Early Termination

Mr. Singleton satisfies all the factors set forth for early termination. He has completed all

his terms of supervision and has no need for programming or treatment. He has made progressive strides towards payment of his restitution obligation and will continue to do so even after supervision is completed. Towards this end he has voluntarily agreed to garnishment of his wages and his employer has agreed to comply with the protocol established by the Financial Litigation Unit. He had minimal special conditions and has fully complied with all of them. Notably, he has no conditions requiring any sort of programming or counseling, and none has been needed during the course of supervision. Undersigned counsel is confident that neither USPO Colburn, nor the attorney for the government will opposes this petition once they have had an opportunity to review it.

Mr. Singleton was convicted of mail fraud in January 20, 2016 and was sentenced to approximately 18 months in the Bureau of Prisons. He self-surrendered and served his prison time without incident.  His supervision has likewise been without any incident. Mr. Singleton has steady employment, residence, and family life.  He is the father of three children, two of whom live with him (the third with his ex-wife).   The eldest son is finishing up his law school studies and preparing for the state bar exam, the second child is finishing up his high school education and preparing for his undergraduate studies, and his third son is a minor child who resides part time with Mr. Singleton's ex-wife and part time with Mr. Singleton.

Terminating Mr. Singleton's remaining term of supervised release would enable him to better support his family financially. He is a highly experienced oil field operator, has extensive experience in the various petroleum commodities markets worldwide, and has missed numerous opportunities to travel at a moment's notice to foreign countries in this hemisphere and in Europe to seize business opportunities that are usually fleeting and time-sensitive.

Mr. Singleton has completed every condition imposed on him and has gone far beyond

the requirements of his supervision. He has fully reintegrated into society and is a valued worker, family member, and citizen. He has achieved stable community reintegration in terms of housing, family, and employment. He is in full compliance with all terms of supervision. He had no aggravated role in the offense, no violence or weapons in this offense, and did not previously and is not currently using controlled substances. He has no psychiatric issues. He enjoys the support of his community, family, and numerous friends.  He is an ideal candidate for early termination of supervised release based on every factor the Court must consider.

WHEREFORE, given Mr. Singleton's commendable reentry into the community and performance on supervised release, he respectfully prays the honorable Court to enter an order that his term of supervised release be terminated forthwith under 18 U.S.C. § 3583(e).

Respectfully submitted,


**/S/**_____
ARNULFO GUERRA
Fed. Id. #2732
State Bar #08574100
Counsel for Dwayne Kent Singleton

LAW OFFICE OF GUERRA, GUERRA & ASSOCIATES, P.C.
1111 W. Nolana Ave., Ste. D
McAllen, Texas 78504
Ofc:   956-322-8767
Fax:   1-866-333-7303
Email: guerralaw@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that the US Attorney's office and the U.S. Probation Office have been

served with a copy of the foregoing Unopposed Motion For Early Termination of Supervised

Release via the Electronic Case Filing system for the Western District of Texas.

/S/ _____
ARNULFO GUERRA